438

LILLIAN STANLEY, ADMINISTRATOR OF THE ESTATE OF JOE STANLEY, DECEASED, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1957.*

R. W. HARRIS AND WYATT A. LINDSEY, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On February 25, 1954, Lillian Stanley, Administrator of the Estate of Joe Stanley, deceased, filed her complaint for the wrongful death of claimant's intestate.

The record consists of the following:

1. Complaint.
2. Departmental Report.
3. Transcript of evidence.
4. Abstract of evidence.
5. Statement, brief and argument of claimant.
6. Statement, brief and argument of respondent.

The case was argued orally on November 13, 1956, at which time the parties stipulated that Hawkeye-Security Insurance Company had reimbursed claimant for the loss of an automobile in the amount of $1,172.50, and was entitled to reimbursement, if an award was made.

The facts of the case are as follows:

On December 4, 1953, the State Highway Department was engaged in repairing State Route No. 146 by removing sections of the pavement, and replacing them with freshly poured concrete patches. A sketch of the area discloses that three miles to the west of the

scene of the accident appropriate warning signs and flares were in place to advise the traveling public of road repair work. Progressing toward the east and the scene of the accident were additional signs and flares.

At the crest of a hill, 330 feet from the scene of the accident, was a "Barricade Ahead" sign, which was lighted by a flare. The scene of the accident consisted of a 6 foot by 8 foot area of freshly poured concrete. All of the witnesses testified that this area was not protected by flares.

As to the existence or non-existence of a barricade, the evidence is in dispute.

Robert Hadsell, a foreman on the job, testified that a barricade was put up when the patch was broken out, but the barricade was removed when the ready-mix truck dumped the concrete. He and the rest of the crew had moved west at the time of the accident, and could not testify that the barricade was actually in place at the time of the accident.

Three eye witnesses, who were driving behind the Stanley car, and saw the accident, testified positively that there were no flares or barricades in place at the time of the accident.

With reference to the accident itself, the evidence discloses that Joe Stanley was driving a Chevrolet car in an easterly direction on Route No. 146. According to the witnesses he was traveling between 45 and 50 miles per hour when the right wheels of his car hit a freshly poured concrete patch, which caused his car to go out of control, and resulted in his death.

The accident occurred between 4:30 and 5:00 P.M. The sun had set, and cars were using their head lights.

A witness for respondent testified that a departmental rule required that flares be set out before 4:00

P.M. Notwithstanding this departmental rule, the flare trucks drove past the area in question around 4:30 P.M., but did not stop to put out flares.

From this evidence, the Court finds, as a question of fact, that respondent failed to provide flares and barricades to warn the public of the freshly poured concrete patch. It necessarily follows that such failure constituted negligence on the part of the state.

Respondent urges, as an additional defense, that claimant failed to exercise due care for his own safety, and argues that the series of signs and flares should have put him on notice that other repairs were being made in the area.

This Court has on many occasions held that the state is not an insurer against all accidents upon its highways.

> Grant vs. State of Illinois, 21 C.C.R. 563.
> Gray vs. State of Illinois, 21 C.C.R. 521.
> Beenes vs. State of Illinois, 21 C.C.R. 83.

We have also followed the common law rule that a claimant must exercise due care for his own safety.

> Perry vs. State of Illinois, 21 C.C.R. 311.
> Bodie vs. State of Illinois, 21 C.C.R. 386.

The evidence discloses that claimant's intestate was driving between 45 and 50 miles per hour. For a distance of three miles the state had set up barricades and flares to warn him of danger.

If it appears from the evidence that he was driving in a reasonable and proper manner, so that he was free from contributory negligence, we believe that he had a right to assume that the road was in a reasonably safe condition, in the absence of further flares and barricades.

441

We further believe that, when the state opens up a highway for repair purposes, it is duty bound to adequately warn the public of the danger, which it has created, as this is a man-made condition of danger, as distinguished from one created by the elements, such as a ''heat blow-up''.

In the case of *Barfee* vs. *State of Illinois,* 19 C.C.R. 86, an almost identical fact situation was before the Court. Claimant was driving on U. S. Highway No. 50 at 5:45 P.M., and drove into a pavement excavation, which was not protected by flares. The Court found the state guilty of negligence for failure to set out flares, and made an award to claimant.

The Court, therefore, concludes in the case at bar that the state was guilty of negligence, and that claimant's intestate was free from contributory negligence.

An award is, therefore, made to Hawkeye-Security Insurance Company in the sum of $1,172.50 to reimburse it for the loss paid to claimant.

An award in the amount of $7,500.00 is hereby made to claimant.